UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-3837(DSD/JJK)

Joseph Atwood, on behalf of
himself and all others
similarly situated,

       Plaintiffs,

v.                                                             **ORDER**

Johnson, Rodenburg & Lauinger,
PLLP, a foreign professional
limited liability partnership,

       Defendant.

    Patrick L. Hayes, Esq., William C. Michelson, Esq. and
    Marso & Michelson, P.A., 3101 Irving Avenue South,
    Minneapolis, MN 55408 and Mark L. Vavreck, Esq. and
    Martineau, Gonko & Vavreck, PLLC, 401 North Third Street,
    Suite 600, Minneapolis, MN 55401, counsel for plaintiffs.

    Paulette S. Sarp, Esq., Thomas P. Kane, Esq. and Hinshaw
    & Culbertson, LLP, 333 South Seventh Street, Suite 2000,
    Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for class certification by plaintiff Joseph Atwood on behalf of himself and all others similarly situated. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This putative class action arises out of attempts to collect consumer debt by defendant Johnson, Rodenburg & Lauinger, PLLP (JRL). Atwood received an initial letter dated October 13, 2009,

from JRL seeking to collect a debt to Discover Bank. The letter stated that "[a]s of the date of this letter, you owe $7,660.32." Compl. Ex. 1. The letter also stated that Atwood "must notify [JRL] within 30 days of receipt of this notice" if he disputed the validity of the debt. Atwood received a second letter from JRL dated October 29, 2009. The second letter stated: "The balance of $7,676.71 is due immediately. I will expect your remittance by return mail. Should you fail to comply with this demand, I will expect a call stating your reason for noncompliance and giving acceptable arrangements for payment of this debt." Compl. Ex. 2.

Based on JRL's discovery response that it had sent similar combinations of letters to approximately 900 to 1000 residents of Minnesota, Atwood moves to certify a class of:

> [a]ll consumers, as that term is defined by 15 U.S.C. § 1692a(3), with an address in the state of Minnesota who received the letter in the same form or substantially similar form as Exhibit 1 to Plaintiff's Complaint, and then received a second letter within thirty days in the same form or substantially similar form as Exhibit 2 to Plaintiff's Complaint in an attempt to collect a debt incurred for primarily personal, family, or household purposes which were not returned undelivered by the U.S. Post Office during the one year period prior to the filing of Complaint in this action.

Pl.'s Mem. Supp. 3. Atwood seeks certification under Rule 23(b)(3). The court now considers the motion.

**DISCUSSION**

"A district court has broad discretion in determining whether to certify a class, and its determination will not be overturned absent a showing that it abused its discretion." Gilbert v. City of Little Rock, Ark. 722 F.2d 1390, 1399 (8th Cir. 1983). The plaintiff bears the burden to show that the class should be certified. Coleman v. Watt, 40 F.3d 255 (8th Cir. 1994). The plaintiff must first show that: (1) joinder of all members is impractical because the class is too numerous, (2) questions of fact or law are common to the class, (3) the claims or defenses raised by the representative parties are typical of those of the class, and (4) the representative parties will protect the interests of the class fairly and adequately. See Donaldson v. Pillsbury Co., 554 F.2d 825, 829 (8th Cir. 1977). If a plaintiff meets all four elements of Rule 23(a), he must also show that the class fulfills one of the three subdivisions of Rule 23(b). See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 163 (1974). The court should certify the proposed class only if satisfied after a rigorous analysis that all the prerequisites are met. Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023, 1029 (8th Cir. 2010).

**I.   Rule 23(a)**

Even if Atwood could meet the commonality and typicality requirements of Rule 23(a), the motion fails under the "far more demanding" requirements of Rule 23(b)(3). See Amchem Prods., Inc.

v. Windsor, 521 U.S. 591, 624 (1997).  As a result, the court assumes that Atwood satisfies Rule 23(a), and proceeds to the Rule 23(b)(3) analysis.  See Arvitt, 615 F.3d at 1029.

**II.  Rule 23(b)(3)**

A court may certify a class if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3). Courts are to take "a close look at the case before it is accepted as a class action" under Rule 23(b)(3).  Amchem Prods., 521 U.S. at 615.

    **A.  Predominance**

Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Blades v. Monsanto Co., 400 F.3d 562, 566 (8th Cir. 2005) (quoting Amchem Prods., 521 U.S. at 623.).  When class-wide proof is dispositive of an element of the cause of action, there is no need for individualized inquiry into the position of each class member on that issue.  Avritt, 615 F.3d at 1029 (citing Blades, 400 F.3d at 566).  However, if "the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question" and unsuited for resolution under Rule 23(b)(3).  Id.

4

To state a claim under § 1692g(b), the plaintiff must show (1) that he received a second letter within 30 days and (2) the language of that letter overshadowed his right to challenge the validity of the debt.  The FDCPA prohibits:

> Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section .... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b). The "30-day period referred to in subsection (a)" is defined by consumer receipt: "unless the consumer, within thirty days *after receipt of the notice*, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  Id. § 1692g(a)(3) (emphasis added). Collection activities, including demands for immediate payment, may continue during the 30-day period.  Accord Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010).

In the present case, even if the language of the second letter violated the overshadowing prohibition of § 1692(b),[1] an affirmative answer to that question does not end the inquiry.  Each

---

[1] For purposes of this motion, the court does not address whether the least-sophisticated consumer would view the language stating that he could call to explain the reason for nonpayment instead of paying the debt as inconsistent with his validation right.

5

putative class member must also show that the letter violated the 30-day bar on overshadowing communications.

Atwood argues that the court should read the mailbox rule into § 1692g(b), and interpret the statute to prevent a debt collector from sending information to a consumer for 30 days. This interpretation ignores the plain language of the statute, which prohibits "communication" and specifically defines the 30-day period in terms of receipt. A letter sent cannot confuse a consumer until receipt. As a result, a question of receipt date exists as to each putative class member.

Moreover, even if the court read the mailbox rule into the statute, the rule only creates a presumption of receipt a few days thereafter. See, e.g., Mahon v. Credit Bureau, 171 F.3d. 1197, 1201–02 (9th Cir. 1999). Under that analysis, letters sent shortly before the 30-day limit do not necessarily violate the statute. Further, undelivered letters do not violate the statute. As a result, a fact-bound question about the dates of receipt of the first and second letters exists for every putative class member. The court cannot say that common questions predominate, and denial of the motion is warranted.

**B.   Superiority**

Denial is also warranted because Atwood fails to show that a class action is the superior means of litigation. A class action under Rule 23(b)(3) may only be certified if it is superior to

other available methods. The court must consider the interests of class members in controlling prosecution, whether litigation concerning the controversy has begun, the desirability of concentrating the litigation in the forum and the likely difficulties in managing the action. Fed. R. Civ. P. 23(b)(3). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." Amchem Prods., 521 U.S. at 617 (1997) (quoting Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997).

The FDCPA creates incentives to bring individual actions. See 15 U.S.C. § 1692k(a) (statutory damages of $1,000 for individual plaintiffs in addition to actual damages). Moreover, this is not a case where small recoveries in individual actions diminish the chance that an attorney would litigate a case. The costs and attorneys' fees provisions of the FDCPA create incentives for attorneys to litigate, and even a cursory review of the court's docket shows that FDCPA actions are common. Indeed, Atwood admitted as much at oral argument when he suggested that he would flood the court with individual cases. In contrast the FDCPA limits total recovery for class members other than the named plaintiff to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." Id. § 1692k(a)(2)(B)(ii). JRL's net worth is $743,189. Sarp. Aff. Ex. 1. As a result, the total award

7

to the putative class recovery could not exceed $7,432. The record indicates that the parties believe that the class consists of 900 to 1000 members.[2] If the class has 1000 members, each could receive $7.43.[3] Such minimal recovery in no way favors the interests of putative class members. Indeed, certifying this class would turn valuable claims into de minimis claims. As a result, the present action presents a perverse version of the policy articulated in Amchem Products: invoking the class action here creates "paltry" recoveries. Cf. id. It is markedly against the interests of the putative class members.

Atwood argues that judicial efficiencies favor the class mechanism. The court disagrees. Individual fact-finding as to the 30-day limit is necessary whether the cases proceed as a class action or individual actions. Moreover, if the claims are as meritorious and as similar as Atwood argues, then non-mutual collateral estoppel might achieve similar efficiency as to the overshadowing question. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 331 (1979); Setter v. A.H. Robins Co., 748 F.2d 1328, 1330-31 (8th Cir. 1984).

---

[2] At oral argument, Atwood raised a new argument that the size of the class is unknown, because some letters may have been sent to the same person. This speculation is not sufficient to seriously question the size of the putative class. It does, however, underscore the extent of individual questions at issue.

[3] Even if the class contained only 100 members, the recovery would still be limited to $74 a person, far less than a putative class member could receive in successful individual litigation.

In short, individual consumers would be harmed by proceeding as a class. Therefore, for this additional reason, class certification is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for class certification [ECF No. 14] is denied.

Dated:  August 1, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
